WEIMER, J.,
additionally concurring.
With all due respect to the dissenting justices, I cannot allow to go unchallenged the statement that the State was somehow reasonably misled. The form letter issued by Texas prison authorities could not reasonably cause the State to believe that the State of Texas had declined to extradite defendant until the completion of his sentence. This form letter does not lift the State’s “heavy burden” of showing that it is excused from trying the accused within the two year period mandated by law.
The form letter on which the dissenting justices rely is a | npre-printed letter which simply acknowledges the awareness of the Texas prison authorities that defendant is wanted in Louisiana and *986 that the Ouachita Sheriffs Office will be notified prior to his release. Absolutely no mention is made of the extradition proceedings. This “acknowledgment” letter, which lists defendant’s name, identifying number, and full-term imprisonment date, in no way indicates that the State could not take defendant into custody at an earlier date. As such, the letter states the obvious: the sheriffs office can take him into custody when the defendant completes his sentence. Nothing in the letter indicates he cannot be taken into custody at an earlier date. Additionally, the letter is addressed to the sheriffs office, not to the district attorney.
Considering the formal request for extradition signed by the governor of Louisiana, the properly executed warrant of extradition signed by the Texas governor, and the final judgment of a Texas court ordering extradition of the defendant, it cannot reasonably be argued that the “form” letter issued from the Texas authorities to the Ouachita Parish Sheriffs Office misled Louisiana authorities into believing that the State of Texas had declined to extradite defendant until the completion of his sentence. The State, having initiated the extradition process, had a duty to follow the process to its conclusion. Nothing in the record indicates the State of Louisiana was prevented from determining the extradition proceeding had concluded with a court order of extradition.
The dissenting justices’ view that the form letter, which makes no mention of the extradition process, conferred some reasonable basis for the State’s complete abdication of its responsibility to follow up on action the State initiated is not supported by the record in this case.
In the present case, the record contains no reply or acknowledgment by Alabama officials, and no indication that formal extradition proceedings were ever initiated. Therefore, in light of Bobo, I find the State failed to demonstrate due diligence. Thus, Defendant’s assignment of error on this issue has merit, and I would reverse Defendant’s conviction and vacate his sentence.